UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

IN RE:                                              CASE NO. 16-26663-BKC-AJC

JUAN C. MORALES                                     CHAPTER 11
*d/b/a* J.C. & C. ALF, LLC,
and
MIRTHA MORALES,

      Debtor(s).

_____/

MERFE CONSTRUCTION CORP.,

      Plaintiff,

v.                                                  Adversary Proceeding
                                                    Case No.
JUAN C. MORALES,
*d/b/a* J.C. & C. ALF, LLC,
and
MIRTHA MORALES,

      Defendants,

_____/

## COMPLAINT OBJECTING TO DEBTORS' DISCHARGE
## AND TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW, Plaintiff, MERFE CONSTRUCTION CORP., by and through undersigned

counsel, files this Complaint Objecting to Debtor's Discharge and to Determine Dischargeability of

Debt Complaint of the Debtor/Defendants, JUAN C. MORALES, *d/b/a* J.C. & C. ALF, LLC and

MIRTHA MORALES.  In support, Plaintiff states as follows:

### JURISDICTION AND VENUE

1.     This is an adversary proceeding pursuant to Federal Rule of Bankruptcy 7001(4).

-1-

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a) and 1334.

3.      Venue is proper pursuant to 28 U.S.C. §1409(a).

4.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## THE PARTIES

5.       Plaintiff, MERFE CONSTRUCTION CORP. (hereinafter referred to as "Merfe" or the "Plaintiff") is and was a Florida corporation with its principal place of business located in Miami-Dade County Florida.  Merfe has been identified as an unsecured creditor in the action captioned *in Re: Juan C. Morales and Mirtha Morales, d/b/a J.C. & C. ALF, LLC*, Case No. 16-26663-BKC-AJC ("the Bankruptcy Case") filed under Chapter 11 in this Court on December 17, 2016.

6.      Defendant, JUAN CARLOS MORALES("Mr. Morales") is a named Debtor in the Bankruptcy Case.  He is a citizen of the State of Florida, resides in Miami-Dade County, Florida, and is the spouse of MIRTA MORALES, the co-Debtor.  He is the sole member of J.C. & C. ALF, LLC, a Florida limited liability company, which operates an assisted living facility from a property owned by JC & C Investments, LLC,  located at 158 West 10 Street, Hialeah, Florida (the "158 property"). Mr. Morales contends he is doing business as  J.C. & C. ALF, LLC.

7.      Defendant, MIRTA MORALES("Ms. Morales")("Mr. Morales" and "Ms. Morales" are jointly referred to as "the Defendants") is a named Debtor in the Bankruptcy Case.  She is a citizen of the State of Florida, resides in Miami-Dade County, Florida, and is the spouse of Mr. Morales. She is the sole member of JC & C Investments, LLC.  Upon information and belief, the only asset JC & C Investments, LLC has is the 158 property.

-2-

## BACKGROUND FACTS

8.      Merfe is the secured creditor of Ms. Morales.  Merfe holds a valid Judgment Lien Certificate filed with the Secretary of State against the Debtor, filed after a Final Deficiency Judgment was entered against Ms. Morales for $460,477.58, in favor of Merfe, in the case of *Merfe Construction Corp. v. Mirtha Morales, et al*, Case No. 08-040150 CA 04. [**Exhibit "1"**].  Merfe filed its initial  Judgment Lien with the Florida Secretary of State on September 29, 2011 (No. J11000645882). Its second judgment lien was filed on June 27, 2016 (No. J16000386098) and reflects interest in the amount of $52,575.58.  The total principal and accrued interest on June 27, 2016 was ***$513,053.16***.  [Composite **Exhibit "2"**].

**Case No. 08-40150 -**
**The Underlying Facts Leading to the Deficiency Judgment,**
**Judgment Lien Certificates and Proceedings Supplementary**

9.      On February 22, 2008, Ms. Morales executed a promissory note in favor of Merfe in the amount of $416,000, which she was to satisfy by April 30, 2008. To secure the note, Ms. Morales executed a mortgage in favor of Merfe.

10.      Ms. Morales subsequently defaulted, and on July 14, 2008, Merfe filed a circuit court complaint in Miami-Dade County, Florida, in the case of *Merfe Construction Corp. v. Mirtha Morales, et al*, Case No. 08-040150 CA 04, which included a count for foreclosure.

11.      On December 2, 2008, Merfe moved for partial summary judgment on its claim for foreclosure.

12.      On February 28, 2009, Ms. Morales commenced the first of several transfers of property.  On that date, Ms. Morales, the sole owner of real property located at  680 West 15 Street in Hialeah, as the only grantor, delivered a Quit Claim Deed to co-Debtor, JUAN CARLOS Morales,

and her two adult children, as grantees (the "680 property"). [**Exhibit "3"**].

13.     On April 16, 2009, the court granted Merfe's motion for summary judgment, and entered Final Judgment of Foreclosure against Ms. Morales.

14.     Eleven months later, on March 4, 2010, Ms. Morales purportedly executed a "Satisfaction of Mortgage" [**Exhibit "4"**] as to a partial assignment of mortgage ($300,000/31.79%) of a $950,000 mortgage and note ("the Church mortgage") executed on August 31, 2007, by Centro Evangelista La Roca Church, Inc. ("the Church"), in favor of Group Investors, LLC.[1] [**Exhibit "5"**] in which she represented the monies owed her were paid her in full.  Her brother and attorney, Guillermo Perez, Esq. [D.E. 26:19], the sole member of Group Investors, LLC, claimed he witnessed her sign the satisfaction; that he signed it as a witness well, and it was notarized by Gloria Michel, an employee of his law firm at the time. Ms. Michel's Notary Commission No. 35380 appears  on the satisfaction. [**Exhibit "4"**].  The other assignees (see footnote 1) were never paid any monies towards the principal owed them on the note and mortgage. If the satisfaction Ms. Morales was legitimate, this meant that the balance the Church owed on the principal (only, without interest being calculated) due to the remaining partial assignees had been reduced $650,000.

15.     However, on June 24, 2010, Guillermo Perez, Esq., on behalf of Group Investors, LLC, made two additional partial assignments of the Church mortgage to Josefa Rodriguez ($150,000) and to Sanchez & Son Investments ($125,000) [**Exhibit 6"**], which increased the total

---

[1]

 On September 6, 2007, Group Investors, LLC, partially assigned $300,000 (31.79%) of the Church's mortgage to Ms. Morales. The other partial assignments made on September 6, 2007, were to JOSE RAUL PERUYERA and GLORIA PERUYERA ($100,000); MARGAB INVESTORS, INC. ($250,000); and  GROUP LENDERS, LLC. ($300,000).

amount of assignments to a total of $925,000 since the partial assignment to Ms. Morales was supposedly satisfied. However, if the satisfaction was bogus and Ms. Morales was still owed the full amount of principal (along with unpaid interest thereon),  this meant that Mr. Perez had partially assigned $1.225 million of a note and mortgage having a face value of $950,000.

16.    On June 10, 2011, 409 days later, Mr. Perez recorded the satisfaction in the official records of Miami-Dade County. [**Exhibit "4"**].

17.    On June 23, 2011, Merfe filed its Motion for Deficiency Judgment in Case No. 08-40150.

18.    On August 28, 2011, the Final Deficiency Judgment was entered in that case. [**Exhibit "1"**].

19.    On October 5, 2011, Alberto H. Orizondo, Esq., on behalf of Guillermo Perez & Associates, PA, sent a letter to Pastor David Bonilla, as the named representative of the Church/mortgagor.  In this letter, Mr. Perez claimed that Group Lenders, LLC was the holder of the subject mortgage, not Ms. Morales.

20.    On December 18, 2011, an  Execution was entered commanding each Sheriff within the State of Florida to levy property subject to execution of Ms. Morales.

21.    On February 9, 2012, unaware that Ms. Morales had recorded the Satisfaction of Mortgage in the public record, Merfe filed its Motion for Order Entitling and Empowering Sheriff's Office to Levy on Ms. Morales' Partial Assignment of Mortgage.

22.    On February 23, 2012, at a hearing on Merfe's motion to levy, counsel for Ms. Morales [D.E. 26:20] handed Daniela Fonseca, Esq.,  Merfe's counsel at the time , the "Satisfaction of Mortgage" in open court.  Merfe's motion to levy was then cancelled.

### Circuit Case No. 08-40150 CA 04 - The Proceedings Supplementary-

23.    On March 25, 2013, the Honorable Beth Bloom, then presiding circuit court judge, entered an Order granting Merfe's Motion for Proceedings Supplementary in Case No. 08-40150 CA 04 (the "proceedings supplementary").

24.    On September 5, 2014, Pastor Bonilla was deposed. He testified that the Church did not make any payments towards the principal due on the note and mortgage to Ms. Morales or any other assignee.

25.    On February 23, 2015, Gloria Michel, the person who purportedly notarized the Satisfaction of Mortgage referenced above, was deposed. She testified she did not work for, nor did she know, Mr. Perez back in March of 2010. She did not meet him until *May of 2010* when he interviewed her for a position in his law office. She  began working for him about three weeks later, at which time she brought her notary stamp, Commission No. DD607924, with her. Her notary stamp, Notary Commission No. DD607924, did not expire until October 23, 2010.

26.    Ms. Michel testified that she did not apply for a new commission stamp until October 12, 2010, and that as a result, Notary Commission No. 35380 had not yet been issued on March 4, 2010. The State of Florida did not issue her Commission No. EE 35380 until *October 24, 2010,* seven months *after* Ms. Morales supposedly signed the satisfaction. [**Exhibit "7"**].  It was impossible for anyone to have notarized the Satisfaction of Mortgage with Commission No. 35380 on March 4, 2010 because it did not exist.

27.    On March 31, 2015, Ms. Morales was deposed in the proceedings supplementary. She admitted she never received any money representing principal on the Church note and mortgage. She testified that her brother, Mr. Perez, had instructed her to sign the satisfaction of mortgage

representing she had been paid in full.  She signed it even though she knew it was not true.

### Case No. 15-9136 CA 01-
### Group Investors, LLC files a Foreclosure Complaint against the Church

28.    On April 22, 2015, Group Investors, LLC and Group Lenders, LLC,  filed a foreclosure complaint against the Church for defaulting on the Church mortgage, *Group Investors, LLC, et al v. Centro Evangelistico La Roca Church, Inc*., Case No. 15-9136 CA 01 (the "Church foreclosure"), which was pending at the time. Ms. Morales' brother, Mr. Perez, was the sole member of the lead plaintiff in that case, Group Investors, LLC.

29.    On August 13, 2015,  Ms. Morales answered the Church foreclosure complaint.  In doing so, she made no mention of the satisfaction of mortgage.  Instead, she asked that she be "*paid her portion of the mortgage in issue, together with prejudgment interest.*" [**Exhibit "8"**, Ms. Morales' Answer at ¶2].

### Merfe's *First* Motion for Summary Judgment -
### Rescission of the Satisfaction of Mortgage and Imposition
### of an Equitable Lien on the Restored Partial Assignment of Mortgage to Ms. Morales

30.    On May 22, 2015, Merfe filed its Motion for Partial Summary Judgment seeking to set aside the "Satisfaction of Mortgage" as to the Partial Assignment of Mortgage which Group Investors, LLC assigned to Ms. Morales ("MSJ #1") due to fraud.

31.    On October 8, 2015, at hearing on MSJ #1, Ms. Morales presented Judge Miller with a "Notice of Revocation of Erroneous Satisfaction of Mortgage," stating that the Partial Assignment of Mortgage [Exhibit B attached to **Exhibit "10"**] was not actually satisfied, and the "Satisfaction of Mortgage" [Exhibit A attached to **Exhibit "10"**] was "erroneously entered and recorded." [**Exhibit "10"** at page 3**].**  Judge Miller entered an Order rescinding the Satisfaction of Mortgage,

and reinstating the partial assignment of $300,000 to Ms. Morales, *nunc pro tunc* to the date the satisfaction was recorded.  The state court judge held the partial assignment of mortgage to Ms. Morales was valid and enforceable.  [**Exhibit "10"** at page 3].   In light of the pending Church foreclosure case, Judge Miller awarded Merfe an equitable lien up to Ms. Morales' 31.579% interest ($300,000) in the Church mortgage.  [**Exhibit "10"** at page 4].

### Merfe's *Second* Motion for Summary Judgment - The Transfer of Membership Interests in JC & C Investments, LLC to Juan Carlos Morales and the Deletion of Mirta Morales as a Member

32.     On October 6, 2003, JC & C Investments, LLC's Articles of Organization were formed, and later filed with the Secretary of State.  Ms. Morales was its organizer and sole member.

33.     On April 28, 2005, JC & C filed its annual report.  Ms. MORALES appeared as its sole member.

34.     On August 28, 2008, JC & C Investments, LLC, which had been administratively dissolved, applied to reinstate its LLC status with the Secretary of State. Ms. MORALES executed the application for reinstatement as its managing member/member.

35.     On March 10, 2009,  JC & C Investments, LLC filed its annual report with the Secretary of State.[2]   The annual report reflects that Mr. MORALES has been added as a member/managing member.  As a result, JC&C now had two  members, Ms. MORALES and Mr. MORALES.

36.     On April 29, 2010, JC & C Investments, LLC's annual report was filed with the Secretary of State.  Ms. MORALES was now deleted as a member/managing member of JC & C,

---

[2]

Merfe had filed already its motion for summary judgment on December 2, 2008, on its claim for foreclosure.

leaving Mr. Morales as the only member/managing member of JC & C Investments, LLC.

37.     On August 8, 2011, Mary Joseph Navarro[3] executed a Quit Claim Deed transferring real property located at 158 West 10 Street, Hialeah, Florida to JC&C Investments, LLC. The Quit Claim was recorded in the official records of Miami-Dade County on August 9, 2011.

38.     On February 2, 2015, Mr. MORALES, testified in deposition in the Proceedings Supplementary that he did not own any shares in any corporation nor did he have any membership interest in any limited liability company in the last 10 years.  He also testified that he was not the managing member of any LLC either.

39.     On June 20, 2016, Merfe filed its second Motion for Partial Summary Judgment in the Proceedings Supplementary as to  Transfer to Mr. Morales by Judgment Debtor, Ms. Morales, of her Membership Interests in  JC & C Investments, LLC ("MSJ #2").  MSJ #2 sought to void the transfer of Ms. Morales membership interests in JC & C Investments, LLC  to Mr. Morales, pursuant to Fla. Stat., §56.29.  Merfe also sought to foreclose upon the restored membership interests of Ms. Morales in J C & C Investments, LLC, pursuant to Fla. Stat., §605.0503(3)-(5).

40.     On November 10, 2016, at hearing on MSJ #2, Judge  Miller found Ms. Morales was

---

[3]

On December 16, 2003, Mirta Morales, the owner of real property located at 158 West 10 Street (Folio No. 04-3118-014-0040), sold that property to Rebekah Navarro, issuing her a Warranty Deed. That Warranty Deed was subject to an existing mortgage with Midfirst Bank and a related "wrap around mortgage" dated December 16, 2003, which was given to JC & C Investments, LLC. On January 15, 2008, JC & C Investments, LLC and Rebakah Navarro entered into a Second Mortgage and Promissory Note in the amount of $15,100, in favor of JC & C Investments, LLC.  This mortgage and Note related to the sale of the 158 West 10 Street property from JC & C Investments, LLC to Rebekah Navarro. On March 19, 2009, Mary Joseph Navarro, personal representative of the Estate of Rebekah Navarro, executed a Personal Representative's Release and Certificate of D i s t r i b u t i o n    o f    P r o p e r t y

the sole member of JC & C Investments, LLC within one year of being served with the complaint in the case, and the subsequent addition of Mr. Morales as a member, and the subsequent deletion of Ms. Morales as a member of JC & C Investments, LLC, occurred after the lawsuit was filed. [**Exhibit "10"** at pages 2-3]. The court also found Ms. Morales failed to present evidence overcoming the presumption of Fla. Stat., §56.29(3)(a), that a transfer to a spouse or insider is void unless shown it was not made to delay, hinder, or defraud her creditor. In addition, Judge Miller additionally found the addition of Mr. Morales and deletion of Ms. Morales as members of JC & C Investments, LLC was made or contrived by Ms. Morales to delay, hinder, or defraud Merfe. Judge Miller then ruled the transfer of Ms. Morales' membership interests to Mr. Morales and her deletion as member of JC & C Investments, LLC were void, and that Ms. Morales was the sole member of JC & C Investments, LLC. [**Exhibit "10"** at page 3].

41.    Judge Miller denied, without prejudice, that part of MSJ #2 in which Merfe sought to foreclose on Ms. Morales' sole membership interest and/or to enter a charging order, pursuant to Fla. Stat., §605.0503(3)-(5), directing Merfe to state the dates and amounts of all payments it received from the Church (the mortgagor in the Church foreclosure proceeding) to offset against the Deficiency Judgment and interest accrued thereon. [**Exhibit "10"** at page 3**].**

42.    On November 15, 2016, Merfe filed its Motion for Order of Foreclosure Sale of Ms. Morales' Membership Interest in JC & C Investments, noting that JC & C Investments LLC's sole asset was real property located at 158 West 10 Street, Hialeah, Florida (the "158 property"). [**Exhibit "11"** at page 4].

43.    On November 28, 2016, Merfe noticed its Motion for Order of Foreclose Sale on Monday, December 19, 2016. [**Exhibit "12"**].

-10-

44.    On Saturday, December 17, 2016,the Defendants filed their Chapter 11 petition in the Bankruptcy Case. [D.E. 1]

45.    On December 19, 2016, the  hearing on Merfe's motion to foreclose upon JC & C Investments, LLC was cancelled due to the automatic stay.

## The Bankruptcy Filings

46.    In their Voluntary Petition Form 101 dated December 17, 2016, the Defendants identified J.C. & C. ALF, LLC, but make no mention of JC & C Investments, LLC. [D.E. 1:2].

47.    In Form 104 dated December 17, 2016, the Defendants identify Merfe as the largest "*unsecured creditor*[4],"having a claim of only $500,000 arising from Case No. 08-40150 (the proceedings supplementary), which is less than the current judgment lien certificate. [**Exhibit "2"**]. They represent Merfe's claim as contingent, unliquidated and disputed, and that there is no lien on property. [D.E. 2:1, 6].   However, a Deficiency Judgment was entered in Case No. 080-40150, and judgment lien certificates filed with the Secretary of State pursuant to Fla. Stat., §§55.202-203(2)(a), which creates a lien against Ms. Morales' personal property, including her sole membership interest in JC & C Investments, LLC, to the extent of the value of Ms. Morales' membership interest in the LLC. The remaining portion of Merfe's claim would be unsecured. 11 U.S.C. §506(a)(1)..

48.    The second largest unsecured creditor identified by the Defendants is Margab Investors, LLC ("Margab"), with a claim of $250,000 against Ms. Morales, which the Defendants represent arises from a Crossclaim against Ms. Morales in Case No. 08-1405 (actually 08-40150, the proceedings supplementary). [D.E. 2:1, 6].

---

[4]

Form 104 instructs to "not include claims by secured creditors," which Merfe is.

49.    Margab's crossclaim,  filed on April 10, 2014, asserted claims for fraud, breach of fiduciary duty, and conspiracy against Ms. Morales and her brother, Mr. Perez, arising from the same Satisfaction of Mortgage in which Ms. Morales represented that the Church paid her the principal ($300,000) and interest due her in full. Margab contended while the satisfaction "appear[ed] to be a sham," if it was not, "unjust financial benefit and/or [a] windfall" could result, since neither Margab nor the other assignees received the full interest due them on the note, let alone  any payments towards principal. [**Exhibit "13"**, at pages 17-30].  As noted above, on October 8, 2015, Judge Miller set aside the "Satisfaction of Mortgage" [**Exhibit "9"**]. In reality, Margab's $250,000 "claim" in Case No. 08-40150 is its lien  interest in the Church property, the percentage/amount of the Church note and mortgage assigned to it,[5] which is the subject of the Church foreclosure litigation. The Margab claim has been improperly included and/or  exaggerated in an effort to reduce Merfe's percentage of the total of all unsecured claims under 66.6%. 11 U.S.C. § 1126(c).

50.    The third largest unsecured creditor was "Federated National Mortgage Association" ("Federated"), identified as having an unliquidated claim for $221,000, arising from a "[f]oreclosure [*sic*] of loan on real property. Case no. 09-4100, Circuit Court Miami-Dade county, Florida judgment and sale deficiency." [D.E. 2:2, 6].  On August 11, 2009, a Final Judgment of Foreclosure was entered in that case, in favor of  Regions Bank, *dba* Regions Mortgage, and against the Defendants. The mortgaged property was then sold to Federated. There was no assignment of the foreclosure

---

[5]

In this respect, Margab stands on equal footing with the others who were assigned a portion of the Church balloon mortgage and note by Group Investors, LLC, including Sanchez & Son Investments ($125,000); Mr. and Mrs. Peruyera ($100,000), and Josefa Rodriguez ($150,000), which occupy positions 15-16 and 18-19 of the 20  largest unsecured creditors. [D.E. 2:4-6]. Mr. Perez would later file corrective assignments to correct the imbalances resulting from partial assignments totaling $1.225 million on the $950,000 Church  mortgage.

judgment to Federated.  No deficiency judgment was ever entered.

51.     The remaining unsecured creditors have combined claims of $13,472. [D.E. 2].

52.     On December 22, 2016, Defendants re-filed Form 101, but still did not identify JC & C Investments,  LLC [D.E. 10-1:2].

53.     In Form 104 filed on December 22, 2016,  the Defendants still designated Merfe their largest "*unsecured creditor,*" and failed to correct the misrepresentations and omissions in their previous version.  [D.E. 10-1:9; [D.E. 2:1, 6]. Their representations as to the remaining unsecured creditors, including Margab and Federated, were also left unchanged.

54.     On January 17, 2017, the Defendants filed Form 106A/B, identifying buildings,  land, and  real estate they own or have an interest in. In Part 1, the Defendants do not identify the 158 property owned by JC & C Investments. [D.E. 26:1]. In Part 4, they must identify financial assets, including any "interest in an LLC."  They still did not identify  JC & C Investments, LLC. [D.E. 26:5 at No. 19].

55.     The Defendants' Form 106A/B  identified other real property, located at 680 W. 15 Street, Hialeah, but represented that only Ms. Morales has an interest therein. [D.E. 26:1]. As noted at ¶12 above, Ms. Morales had quit claimed her interest in this property to Mr. Morales and her adult children. This transfer was the subject of Counts 3-5 of the Second Amended Complaint in Proceedings Supplementary, as well as Merfe's Complaint for Declaratory Relief, in Case No.14-1364CA 32, discussed *infra*.  56.     In Part 1 of Form 106A/B, the Defendants continue to conceal Ms. Morales' $300,000 (31.79%) interest in the Church mortgage [D.E. 26:1]; do so again in Part 4 at ¶30 ("unpaid loans you made to someone else")[D.E. 26:7], and at ¶33 ("[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment"), making no

mention of the Church foreclosure litigation. [D.E. 26:8].

57.    It is not until the catchall provision at ¶35 ("financial assets you did not already list")[D.E. 26:8], that the Defendants make a reference to the Church mortgage, albeit in convoluted fashion, by mischaracterizing the asset as a "***contingent/Disputed loan to Group lender to fund mortgage of building owned by SeeAttachment 2...***" [D.E. 26:8 at ¶35] "*...**Centro evangelistico La roca. Mortgage garnished by Merfe Construction amount ot [sic]debtor unknown and doubtfull [sic]***." [D.E. 26:11].

58.    The Defendants make another  reference to the "LaRoca Mortgage" at Part 5, ¶38, but the Defendants represent the  "current value of the portion you own" as being  "***0.00***." [D.E. 26:8]. They make no mention that Group Investors, LLC  partially assigned 31.79% of the Church mortgage to Ms. Morales; that the "value" of her portion of the mortgage is $300,000 and 31.79% of past interest; that she remains the named mortgagee today; of her request in the Church foreclosure litigation that she be paid her portion of the mortgage and accrued interest thereon; or of Judge Miller's Order imposing an equitable lien on her part of the mortgage in favor of Merfe. [D.E. 26:8 at ¶35, ¶38; DE 26:11].

59.    At Schedule D, *Creditors Who Have Claims Secured by Property*, the Defendants left Part 1 blank ("[j]udgment lien from a lawsuit"), concealing the judgment lien certificates [D.E. 26:14], describing the proceedings supplementary as a "Lawsuit 08-40150 Eleventh Circuit, Miami-Dade County, Florida action claiming creach [*sic*] of contract, conveyence [*sic*], debt and other relief." [DE 26:49]. The Defendants once again designate Merfe as having a "Nonpriority Unsecured Claim," one which  is  contingent, unliquidated and disputed, and for which Merfe has no lien on property. [D.E. 26:20 at ¶4.14].

-14-

60.     At ¶4.9, the Defendants again list Federated's claim, but this time only against Ms. Morales, and now represent that Federated's claim has been"[s]ubsumed in Merfe Construction Claim." [D.E.26:18, and 49]. This did not occur. The Defendants again list Margab as having a claim valued at $250,000, again arising from the "[c]rossclaim in lawsuit 08-01405 pending in the Circuit Court, Miami-Dade County, Florida" [D.E.26:20, and 49], rather from the partial assignment of ($250,00026.32%) of the Church mortgage that Margab received from Group Investors, LLC. [**Exhibit 11**].

61.     Also, in their Statement of Financial Affairs ("SOFA"), the Defendants identify cases in which they were parties to a lawsuit as being: (a) Case No. 14-1364, *pending*[6] and (b) Case No. 08-40150 (proceedings supplementary), but now claim that the proceedings supplementary case was "*concluded*." [D.E. 26:41]. The Defendants know proceedings supplementary were ongoing, and that Merfe's motion to foreclose on Ms. Morales' membership interests in JC & C Investments, LLC was to have been heard in December 19, 2016, the following business day after they filed their petition. The SOFA also omits reference to Ms. Morales' being a party in the Church foreclosure case.

62.     The updated SOFA still failed to identify the Defendants' ownership or connection as members of JC & C Investments, LLC, even though they were specifically asked about any such membership or connection during the four year time frame before they filed for bankruptcy. [D.E. 26:47]. Here, Mr. Morales concealed his former status as sole member of JC & C Investments, LLC,

---

[6]

Case No. 14-1364CA relates to Merfe's Complaint for Declaratory Relief filed in *Merfe Construction Corp. v. Juan Carlos Morales, et al*. After commencement of proceedings supplementary, on December 3, 2013, Mr. Morales filed a "Notice of Homestead" Merfe then filed its Complaint for Declaratory Relief ("CDR"), contended the transfer took place after Merfe filed for foreclosure in the proceedings supplementary. The CDR does not seek monetary damages but a judicial declaration declaring the Quit Claim Deed as void, pursuant to Art. X, §4©, Fla. Const.

which he had until November 20, 2016 when Judge Miller entered the Order on MSJ #2.  Ms. Morales also concealed that Judge Miller voided her deletion as a member of JC & C Investments, and restored her as the sole member of JC & C Investments on November 20, 2016 as well.

63.     In their Case Management Summary filed January 18, 2017, the Defendants continue to identify the total amount of all secured claims as "*none*."  They also designate the total amount of the "unsecured claims" as *$763,472*.  [D.E. 33:2-3 at ¶8 b- c].

64.     The Defendants then represent that the ALF  (J.C. & C. ALF, LLC) is the owner of the 158  property in Hialeah. [D.E. 33:2 at ¶9].  As noted above, JC & C Investments, LLC is the owner the 158 property, not the ALF.  The Defendants know this.

65.     From the date of filing of their Petition, and throughout this proceeding, on various occasions, the Defendants declared or acknowledged "under penalty of perjury that the information" provided in their petition, filings, schedules and attachments is  "true and correct." [D.E. 10-1:6, 8; D.E. 2:1, 6;  D.E. 4, Form 106Dec; D.E. 10-1:9; DE 10-1:13; D.E. 26:48].

66.     The Defendants have intentionally and fraudulently misrepresented and otherwise concealed the above from this Court in an effort to hinder, delay and avoid Plaintiff from executing on its judgment.

67.     Defendants' failure to fully and accurately report their history, the existence of assets, and who controls the assets was improper, intentional and fraudulent and was done in an attempt to conceal property from this Court and Plaintiff.

## THE CREDITORS' MEETING

68.    On January 18, 2017, at the Creditors' Meeting, Defendants testified under oath that they had reviewed the bankruptcy schedules and financial statements, and that they correctly listed all of their assets and debts therein.

69.    The aforementioned omissions have not been revised or corrected.

70.    There may be additional instances of fraudulent concealment other than those identified herein or instances of improper, fraudulent and preferential transfers by Defendant upon further investigation.

### Count 1
### Objection to Debtor's Discharge Pursuant to 11 U.S.C. § 727(a)(2)

71.    Plaintiff hereby incorporates paragraphs 1 through 70 as if fully set forth herein.

72.    Pursuant to 11 U.S.C. 1141(d)(3) and §727(a)(2), the Defendants have, with intent to hinder, delay, or defraud Plaintiff as a creditor, transferred, removed, destroyed, mutilated, or concealed, or have permitted to be transferred, removed, destroyed, mutilated, or concealed his property, within one year before the date of the filing of the petition, and otherwise engaged in an ongoing pattern of such conduct, which includes the executed a bogus satisfaction of mortgage to transfer, remove or conceal Ms. Morales $300,000/31.79% interest in the Church mortgage, as well as with Ms. Morales' membership interest in JC & C Investments, LLC, and its ownership of the 158 property, in order to conceal this property from the bankruptcy estate and avoid creditor claims, specifically those of the Plaintiff.

73.    Defendants have  disposed of Ms. Morales personal property by way of transfer, removal or  or concealment, prevented discovery, fraudulently transferred or withheld  knowledge

-17-

or information required by law to be made known, with the actual intent to hinder, delay, or defraud one or more creditors, specifically the Plaintiff.  This occurred within one year of the date Defendants filed for bankruptcy, December 17, 2016.  Alternatively, the transfer of assets occurred more than one year before the bankruptcy filing with the Defendants continuing to conceal the transfer into the one year period or continuing to  use that property while it was in the name of another or held by another.

74.    Accordingly, Defendants should not be granted a discharge of their debts and specifically the debts Ms. Morales owes Plaintiff pursuant to the deficiency judgment entered against her and the judgment lien certificate(s) filed with the Secretary of State.

WHEREFORE, pursuant to 11 U.S.C. 1141(d)(3) and 11 U.S.C. § 727(a)(2), Plaintiff respectfully requests that the Court deny Defendants' discharge in their Chapter 11 bankruptcy case, and that Plaintiff be awarded its costs and reasonable attorneys' fees in bringing this Complaint, and any other and further relief this Court deems just and proper.

**Count 2**
**Knowingly and Fraudulently Making False Oath**
**or Account in Connection with the Case  - §727(a)(4)(A)**

75.    Plaintiff hereby incorporates paragraphs 1 through 70 as if fully set forth herein.

76.    Pursuant to 11 U.S.C. 1141(d)(3) and §727(a)(4)(A), Defendants have knowingly and fraudulently, in or in connection with their bankruptcy case, made a false oath or account.  This includes their petition, forms, schedules and Statement of Financial Affairs, sworn to under oath, and in the Section 341 Creditors' meeting, in which the Defendants were also placed under oath.

77.    Defendants  made these false statements under oath, knowing they  were false, and which made with fraudulent intent to deceive.

78.    In addition or in the alternative, the Defendants have engaged in a pattern of omissions and inaccuracies rising to a level of recklessness.  Blind indifference to the truth is reckless and the equivalent of fraud, and evidences an intent to hinder, delay and defraud, so that fraudulent intent is inferred.  The  statements made by the Defendants materially relate to the bankruptcy case.

79.    Due to the numerous intentional and fraudulent omissions and inaccuracies in the Defendants' bankruptcy filings, their discharge should be denied in its entirety under §727(a)(4)(A).

WHEREFORE, and pursuant to  11 U.S.C. 1141(d)(3) and 11 U.S.C. § 727(a)(4)(A), Plaintiff respectfully requests that the Court deny Defendants' discharge of debts in their Chapter 11 bankruptcy case, and that Plaintiff be awarded its costs and reasonable attorneys' fees in bringing this  Complaint, and any other and further relief this Court deems just and proper.

## Count 3
### Failure to Satisfactorily Explain Loss of Assets in Lam Properties, LLC - §727(a)(5)

80.    Plaintiff hereby incorporates paragraphs 1 through 70 as if fully set forth herein.

81.    Pursuant to 11 U.S.C. 1141(d)(3) and§727(a)(5), Defendants have failed to explain satisfactorily loss of assets or deficiency of  assets.  This includes the partial assignment of the Church mortgage ($300,000/31.79%) and JC & C Investments, LLC's sole asset, the 158 property. In their Chapter 11 filings, the Defendants contend that the value of the partial assignment of the Church mortgage to Ms. Morales which was $300,000/31.79% is now "0.00."  In addition, the Defendants have represented to the Court that J.C. & C ALF, LLC now owns the 158 property, not JC & C Investments, LLC.

-19-

WHEREFORE, and pursuant to 11 U.S.C. 1141(d)(3) and 11 U.S.C. § 727(a)(5), Plaintiff respectfully requests that the Court deny Defendants' discharge of debts in their Chapter 11 bankruptcy case, and that Plaintiff be awarded its costs and reasonable attorneys' fees in bringing this Complaint, and any other and further relief this Court deems just and proper.

## Count 4
## Knowingly and Fraudulently Making False Oath or Account in Connection with the Case
## §§727(a)(7)

82.     Plaintiff hereby incorporates paragraphs 1 through 70 as if fully set forth herein.

83.     Pursuant to 11 U.S.C. 1141(d)(3) and §727(a)(7),  Defendant committed one or more acts specified in §727(a) (2), (4) or (5), on or within one year before the date Defendants filed their bankruptcy petition, or did so during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider, and/or transferred, concealed or removed assets more than one year before the bankruptcy filing and continued to conceal the transfer into the one year period or continued to  use that property while it was in the name of another or held by another.

84.     The Defendants are married.  One's spouse is an insider. JC & C Investments, LLC and Ms. Morales' brother, Guillermo Perez, Esq., are  also insiders, pursuant to 11 U.S.C.§101(31).

85.     The acts  were accomplished at the Defendants' direction.

WHEREFORE, and pursuant to 11 U.S.C. 1141(d)(3) and 11 U.S.C. § 727(a)(7), Plaintiff respectfully requests that the Court deny Defendant's discharge of their debts in this Chapter 11 bankruptcy case, and that Plaintiff be awarded its costs and reasonable attorneys' fees in bringing this Complaint, and any other and further relief this Court deems just and proper.

Dated: March 20, 2017

-20-

Law Office of Michael Garcia Petit, P.A.
Attorney for Plaintiff
14100 Palmetto Frontage Road, Suite 106
Miami Lakes, Florida 33016
Phone (786) 245-7750
Fax (786) 245-7751
Email: michael@michaelgarciapetitpa.com
Mail@michaelgarciapetitpa.com


By:  /s/Michael Garcia Petit_____
      MICHAEL GARCIA PETIT, ESQ.
      FBN: 656216