UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:
**JUAN C. MORALES**　　　　　　　　　　　　Case No.**16-26663-BKC-AJC**
**MIRTHA MORALES**　　　　　　　　　　　　Chapter **11**
　　　　Debtor　　　/

**MERFE CONSTRUCTION CORP.**,　　　　　Adversary No. **17-1120-AJC-A**
　　Plaintiff,
vs.

**JUAN C. MORALES**,
d/b/a J.C. & C. ALF, LLC
and
**MIRTHA C. MORALES**
　　Defendants
　　　　　　　　　　　　　　　/

### DEFENDANTS' MOTION TO DISMISS COMPLAINT

DEFENDANTS Juan Carlos Morales and Mirtha Morales by and through undersigned counsel move this Court to dismiss the complaint on the grounds stated below:

1. The Complaint as filed (ECF 1), (hereinafter "Complaint"), makes it impossible to formulate a response and violates the Bankruptcy Rules governing adversary proceedings and the incorporated Federal Rules Civil Procedure as follows:

　　a. Bankruptcy Rules, Rule 7008 incorporates Federal Rules of Civil Procedure, Rule 8. General Rules of Pleading (a)(2) and the complaint in particular does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (hereinafter "Rule 8(a)(2)" in many of the numbered paragraphs.

　　b. Bankruptcy Rules, Rule 7008 incorporates Federal Rules of Civil Procedure, Rule 8. General Rules of Pleading (d)(1) and the complaint in particular does not contain a "..... simple, concise, and direct" allegation as required in many of the numbered paragraphs.

　　c. Bankruptcy Rules, Rule 7009 incorporates Federal Rules of Civil Procedure, Rule 9. Pleading Special Matters (b) "In alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake", but in the form of the Complaint as filed plaintiff failed in the one hundred and four page (104), document, including exhibits, and the eighty five (85) paragraphs written over the twenty (20) pages has failed to do so.

    d.  Bankruptcy Rules, Rule 7010 incorporates Federal Rules of Civil Procedure, Rule 10. Form of Pleadings (b) that in pertinent part that each numbered paragraph should be limited "…. as far as practicable to a single set of circumstances" but the complaint in multiple paragraphs does not.

2. Following are numbers that refer to paragraphs attached hereto and incorporated herein as Exhibit "A" that violate Rule 7008(a)(2) short plain statement of claim: 14, 37, 40, 47, 49, 58, 72, 73, 78, and 81.

3. Following are numbers that refer to paragraphs attached hereto and incorporated herein as Exhibit "A" that violate Rule 7008(d)(1) simple concise allegation: 14, 37, 40, 47, 49, 56,72, 73, 78, and 81.

4. Following are numbers that refer to paragraphs attached hereto and incorporated herein as Exhibit "A" that violate Rule 7009(b) statement made with particularity: 14, 40, 47, 58, 73, 78, and 81.

5. Following are numbers that refer to paragraphs attached hereto and incorporated herein as Exhibit "A" that violate Rule 7010(b) that contain more than a single set of circumstances: 14, 37, 40, 47, 49, 56, 72, 73, 78, 81.

6. Following are numbers that refer to paragraphs attached hereto and incorporated herein as Exhibit "A" that make it impossible to formulate a response: 14, 15, 25, 30, 37, 40, 47, 49, 56, 58, 73, 78, 81.

7. Count I of the Complaint alleges violation of 11 U.S.C. 1141(d)(3), but fails to allege:

    a. That the debtors seek to liquidate all or substantially all the property of the estate; (B), does not engage in business after consummation of the Plan, (C) nor is this a case under Chapter 7.

    b. Contradicts that allegations of the Complaint and the Exhibits thereto that the debtors' transferred, removed, destroyed, mutilated, or concealed, or have permitted to be transferred, removed, destroyed, mutilated, or concealed his property, within one year before the date of the filing of the petition pursuant to 11 U.S.C. 727(a)(2).

    c. Count I of the Complaint should be dismissed pursuant to the Federal Rules of Bankruptcy Procedure 7012(b) that incorporates the Federal Rules of Civil Procedure, Rule 12(b)(6) as written above Plaintiff fails to state a claim upon which relief can be granted and Count I should be dismissed.

8. Count II of the Complaint attempts to allege violation of 11 U.S.C. 727(a)(4)(A), but fails to state a claim upon which relief can be granted pursuant to the Federal Rules of Bankruptcy Procedure 7012(b) that incorporates the Federal Rules of Civil Procedure, Rule 12(b)(6) as follows:

    a. The allegations contained in Count II are contradicted by the "factual statements" contained in the Complaint in paragraph 8 through 60 and the exhibits attached thereto.

    b. The Plaintiff attempts to support its argument with statements referring to statement of mind without support.

    c. Count I of the Complaint should be dismissed pursuant to the the Federal Rules of Civil Procedure, Rule 12(b)(6) as written above Plaintiff fails to state a claim upon which relief can be granted and Count I should be dismissed.

9. Count III of the Complaint attempts to allege violation of 11 U.S.C. 1141(d)(3) and 727(a)(5) but fails to state a claim upon which relief can be granted pursuant to the Federal Rules of Bankruptcy Procedure 7012(b) that incorporates the Federal Rules of Civil Procedure, Rule 12(b)(6)

as follows:

    a. This count attempts to allege violation of 11 U.S.C. 1141(d)(3), but fails to allege that the debtors seek to liquidate all or substantially all the property of the estate; (B), does not engage in business after consummation of the Plan, (C) nor is this a case under Chapter 7.

    b. This count also attempts to alleges 11 U.S.C. 727(a)(5) The the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

    c. No discharge has been denied the debtor and pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) as written above Plaintiff fails to state a claim upon which relief can be granted and Count I should be dismissed.

10. Count IV of the Complaint attempts to allege violation of 11 U.S.C. 727(a)(7) but fails to state a claim upon which relief can be granted pursuant to the Federal Rules of Bankruptcy Procedure 7012(b) that incorporates the Federal Rules of Civil Procedure, Rule 12(b)(6) as follows:

    a. Section 727(a)(7) reads "the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider".

    b. No allegation as to violation of Section 727(a)(3), or (6).

    c. Plaintiff fails as described in paragraphs 8, (Count I, Section (a)(2)); 9, (Count II, Section (a)(4)(A));  and 10, (Count III, Section (a)(5)); herein above to properly and fully allege support Count III.

    d. Count IV pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) as written above Plaintiff fails to state a claim upon which relief can be granted and should be dismissed.

WHEREFORE the defendants Juan Carlos Morales and Mirtha Morales pray this court will issue and order as follows:

    a.  Dismiss this complaint; or

    b.  Order the Plaintiff to Amend the Complaint to properly state its causes of actions.

    c.  that the Court issue any other order it deems appropriate under the facts and circumstances herein.

RESPECTFULLY SUBMITTED, in the Southern District of Florida, Miami Division on this 21ST day of April 2017.

          /S/
Richard Siegmeister, Esquire
Richard Siegmeister, P.A.
Attorneys for JUAN C. MORALES
     and MIRTHA MORALES
One Plaza Brickell, Suite 304
1800 S.W. 1 Avenue
Miami  Florida 33129-1180
Fla Bar No 0700975
Tel: (305) 859-7376
Fax: (305) 859-7376
Eamil:  rspa111@att.net
       rspalaw@att.net

Z:\MyFiles\Data - Old\BANKRDTR\Morales, Juian & Mirtha\Adv Merfe\170420 Dismiss Motion.wpd