## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:

**JUAN  C. MORALES**     Case No.**16-26663-BKC-AJC**

**MIRTHA MORALES**     Chapter **11**

_____Debtor_____/

**MERFE CONSTRUCTION CORP.,**    Adversary No. **17-1120-AJC-A**

   Plaintiff,

vs.

**JUAN C. MORALES**,

d/b/a J.C. & C. ALF, LLC

and

**MIRTHA C. MORALES**

   Defendants

_____/

## <u>DEFENDANTS' ANSWER  AND AFFIRMATIVE DEFENSES</u>

  DEFENDANTS Juan Carlos Morales and Mirtha Morales by and through undersigned counsel file this their Answer and Affirmative defenses to the Complaint as follows:

  1.  Defendants admit the allegations contained in Paragraphs 1, 2, 3, 4, and 5 of the complaint.

  2.  Defendants deny the allegations contained in Paragraph 6 of the complaint.

  3.  Defendants admit the allegations contained in Paragraph 7 of the complaint.

  4.  Defendants deny the allegations contained in Paragraphs 8, 9, and 10 of the complaint.

  5.  Defendants are without knowledge of the allegations contained in paragraph 11 of the complaint and therefore denies each of them.

  6.  Defendants deny the allegations contained in Paragraph 12 of the complaint.

  7.  Defendants are without knowledge of the allegations contained in paragraph 13 of the complaint and therefore denies each of them.

  8.  Defendants deny the allegations contained in Paragraphs 14 and 15 of the complaint

and these paragraphs also violate the following Bankruptcy Rules of Procedure; Rule 7008(a)(2) short plain statement of claim; Rule 7009(b) statement made with particularity; and Rule 7008(d)(1) simple concise allegation , and as written make it impossible to formulate other response.

9.   Defendants are without knowledge of the allegations contained in paragraphs 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26 of the complaint and therefore denies each of them.

10.   Defendants deny the allegations contained in Paragraph 27 of the complaint.

11.   Defendants are without knowledge of the allegations contained in paragraphs 28, 29 and 30 of the complaint and therefore denies each of them and as written that make it impossible to formulate a response.

12.   Defendants admit the allegations contained in Paragraph 31 of the complaint.

13.   Defendants deny the allegations contained in Paragraphs 32, 33, 34, 35, and 36 of the complaint as the allegations fail and refuse to attribute the source or validity thereof.

14.   Defendants are without knowledge of the allegations contained in paragraph 37 of the complaint and therefore denies each of them.

15.   Defendants are without knowledge of the allegations contained in paragraphs 38, 39 40, and 41 of the complaint and therefore denies each of them and paragraph 41 in addition violates the following Bankruptcy Rules of Procedure; Rule 7008(a)(2) short plain statement of claim; Rule 7009(b) statement made with particularity; and Rule 7008(d)(1) simple concise allegation , and as written make it impossible to formulate other response.

16.   Defendants deny the allegations contained in Paragraph 42 of the complaint.

17.   Defendants admit the allegations contained in Paragraph 42, 43, 44, 45, and 46 of the complaint.

18.  Defendants deny the allegations contained in paragraph 47 of the complaint in addition paragraph 47 violates the following Bankruptcy Rules of Procedure; Rule 7008(a)(2) short plain statement of claim; Rule 7009(b) statement made with particularity; and Rule 7008(d)(1) simple concise allegation , and as written make it impossible to formulate other response.

19.  Defendants admit the allegations contained in Paragraph 48 of the complaint.

20.  Defendants are without knowledge of the allegations contained in paragraph 49 of the complaint and therefore denies each of them and paragraph 49 in addition violates the following Bankruptcy Rules of Procedure; Rule 7008(a)(2) short plain statement of claim; and Rule 7008(d)(1) simple concise allegation , and as written make it impossible to formulate other response.

21.  Defendants deny the allegations contained in paragraphs 50, 51, 52, 52, 54, and 55, of the complaint.

22.  Defendants deny the allegations contained in paragraph 56 of the complaint in addition paragraph 56 violates the following Bankruptcy Rules of Procedure; Rule 7008(a)(2) short plain statement of claim; Rule 7008(d)(1) simple concise allegation , and as written make it impossible to formulate other response.

23.  Defendants deny the allegations contained in paragraph 57 of the complaint.

24.  Defendants deny the allegations contained in paragraph 58 of the complaint in addition paragraph 58 violates the following Bankruptcy Rules of Procedure; Rule 7008(a)(2) short plain statement of claim; Rule 7009(b) statement made with particularity; and as written make it impossible to formulate other response.

25.  Defendants deny the allegations contained in paragraphs 59, 60, 61, 62, 63, 64, 65,

66, and 67.

26. Defendants admit the allegations contained in paragraph 68 of the complaint. The debtors statements were made to the best of the knowledge and belief at the time made.

27. Defendants deny the allegations contained in paragraphs 69, and 70.

28. In paragraph 71 of the complaint Plaintiff incorporates paragraphs 1 through 70 as if fully set forth herein and Defendants incorporates their answers to paragraphs 1 through 70 as if fully set forth herein.

29. Defendants deny the allegations contained in paragraphs 72 and 73 of the complaint in addition paragraphs 72 and 73 violate the following Bankruptcy Rules of Procedure; Rule 7008(a)(2) short plain statement of claim; Rule 7009(b) statement made with particularity; and Rule 7008(d)(1) simple concise allegation; Rule 7010(b) contains more than a single set of circumstances, and as written make it impossible to formulate other response.

30. Defendants deny the allegations contained in paragraph 74.

31. In paragraph 75 of the complaint Plaintiff incorporates paragraphs 1 through 70 as if fully set forth herein and Defendants incorporates their answers to paragraphs 1 through 70 as if fully set forth herein.

32. Defendants deny the allegations contained in paragraphs 75, 76, and 77 of the complaint.

32. Defendants deny the allegations contained in paragraph 78 of the complaint in addition paragraph 78 violates the following Bankruptcy Rules of Procedure; Rule 7008(a)(2) short plain statement of claim; Rule 7009(b) statement made with particularity; and Rule 7008(d)(1) simple concise allegation; Rule 7010(b) contains more than a single set of circumstances, and as written make it impossible to formulate other response.

33.  Defendants deny the allegations contained in Paragraph 79 of the complaint.

34.  In paragraph 80 of the complaint Plaintiff incorporates paragraphs 1 through 70 as if fully set forth herein and Defendants incorporates their answers to paragraphs 1 through 70 as if fully set forth herein.

35.  Defendants deny the allegations contained in paragraph 81 of the complaint in addition paragraph 81 violates the following Bankruptcy Rules of Procedure; Rule 7008(a)(2) short plain statement of claim; Rule 7009(b) statement made with particularity; and Rule 7008(d)(1) simple concise allegation; Rule 7010(b) contains more than a single set of circumstances, and as written make it impossible to formulate other response.

36.  In paragraph 82 of the complaint Plaintiff incorporates paragraphs 1 through 70 as if fully set forth herein and Defendants incorporates their answers to paragraphs 1 through 70 as if fully set forth herein.

37.  Defendants deny the allegations contained in paragraphs 83, 84,  and 85 of the complaint.

## AFFIRMATIVE DEFENSES

Assuming without conceding, the allegations advanced by the Plaintiff in its Complaint, and without admitting any liability whatsoever, and solely for the limited purpose of setting forth the following affirmative defenses, the Defendant based on the facts and circumstances as follows:

1.  Plaintiff prior to the filing of the case herein made demand for payment, sctions against them beginning in the year 2008.

2.  Defendants at all time material hereto were represented by counsel.

3.  Defendants at all times material hereto received advice from defendant Mirtha

Morales' brother Guillermo Perez, Esquire an attorney licensed to practice law in the State of

Florida and currently a debtor in a case under Chapter 7 in the Southern District of Florida, Case

No. 16-20049-LMI.  Mr. Perez is also a co-defendant with the Morales in State Court actions

and rendered legal advice to defendants regarding certain actions of which the plaintiff

complains.  Mr. Morales was also a participant, adviser, and attorney for the Morales in other

transactions.

  4.  Pre petition actions and documents about which Plaintiff complains all were taken

pursuant to the advice of counsel and Mr. Perez.

  5.  Neither Mr. Morales nor Mrs. Morales are attorneys nor familiar or educated in the

laws of the State of Florida or the United States as complained of by Plaintiff.

  6.  The defendants prior to the first financial transactions complained of were debt free,

owned a successful business, and owned real property including their homestead.

  7.  The defendants were induced to enter into transactions that have essentially resulted in

large judgements against them only because of their excellent credit rating and trust in the advice

of Mr. Perez and other counsel.  Mr. Perez was the instituting and drive force on the transactions

and in need of this sister and brother in law's good credit

  8.  Defendants had no direct contact with the plaintiff until the after the initiation of the

State Court action that are in part the basis of this adversary complaint.

  9.  Any deficiencies in the petitions and schedules filed herein were caused by the

emergency nature of the filing a situation resulting from misadvise or concealment by Perez and

counsel and are being corrected.

  <u>First Defense</u>.  The allegations contained in Count 1 are factually incorrect and therefore

of no effect.

<u>Second Defense</u>. The allegations contained in Count 1 if correct were under the advice of counsel and Mr. Perez and not with the requisite intent required pursuant to 11 U.S.C. 727(a)(2) as well as being open and notorious and memorialized in the Public Records of Miami-Dade County, Florida.

<u>Third Defense</u>. The allegations contained in Count 2 of the Complaint are factually incorrect and therefore of no effect. The debtors testified accurately to the extent of their then knowledge and belief.

<u>Fourth Defense</u>. The allegations contained in Count 3 are factually incorrect and therefore of no effect. Any errors were unintentional and the documents are or have been updated.

<u>Fifth Defense</u>. The allegations contained in Count 3 if correct were under the advice of counsel and Mr. Perez and not with the requisite intend required pursuant to 11 U.S.C. 727(a)(5) as well as being open and notorious as memorialized in the Public Records of Miami-Dade County, Florida.

<u>Sixth Defense</u>. Any errors or omissions in the Petition, Schedules, or Statement of financial Affairs where caused by the emergency nature of the filing, a lack of understanding of the legal issue, as evidenced by the findings in prior state court litigation and misadvise and trust placed in counsel. All documents are of have been updated.

<u>Seventh Defense</u>. Count 4 of the Complaint, 11 U.S.C. 727(a)(7) incorporates the allegations contained in Counts 1, 2 and 3 and affirmatively defended as follows.

      a. T he allegations contained in those counts are factually incorrect and therefore of no effect.

      b. The allegations contained in Count 1 if correct were under the advice of

counsel and Mr. Perez and not with the requisite intend required pursuant to 11 U.S.C. 727(a)(2) as well as being open and notorious as memorialized in the Public Records of Miami-Dade County, Florida.

      c.  The allegations contained in Count 3 if correct were under the advice of counsel and Mr. Perez and not with the requisite intend required pursuant to 11 U.S.C. 727(a)(5) as well as being open and notorious as memorialized in the Public Records of Miami-Dade County, Florida.

      d.  Any errors or omissions in the Petition, Schedules, or Statement of financial Affairs where caused by the emergency nature of the filing, a lack of understanding of the legal issue, as evidenced by the findings in prior state court litigation and mis advise and trust placed in counsel.

      e.  The allegation that "the acts were accomplished at the defendants' direction" is without any factual support and personally known to the Plaintiff/

Eighth Defense. The Plaintiff filed a claims in the Defendants main (Claim 6) that refutes the many of the allegations including but not limited to an order assigning alleged concealed assets and receipt of payments.

Ninth  Defense.  Count I of the Complaint alleges violation of 11 U.S.C. 1141(d)(3),  but fails to    allege:

      a.  That the debtors seek to liquidate all or substantially all the property of the estate; (B), does not engage in business after consummation of the Plan, (C) nor is this a case under Chapter 7.

      b.  Contradicts that allegations of the Complaint and the Exhibits thereto that the debtors' transferred, removed, destroyed, mutilated, or concealed, or have permitted to be

transferred, removed, destroyed, mutilated, or concealed his property, within one year before the date of the filing of the petition pursuant to 11 U.S.C. 727(a)(2).

      c. Count I of the Complaint should be dismissed pursuant to the Federal Rules of Bankruptcy Procedure 7012(b) that incorporates the Federal Rules of Civil Procedure, Rule 12(b)(6) as written above Plaintiff fails to state a claim upon which relief can be granted and Count I should be dismissed.

<u>Tenth Defense</u>.  Count 2 of the Complaint attempts to allege violation of 11 U.S.C. 727(a)(4)(A), but fails to state a claim upon which relief can be granted pursuant to the Federal Rules of Bankruptcy Procedure 7012(b) that incorporates the Federal Rules of Civil Procedure, Rule 12(b)(6) as follows:

      a. The allegations contained in Count II are contradicted by the "factual statements" contained in the Complaint in paragraph 8 through 60 and the exhibits attached thereto.

      b. The Plaintiff attempts to support its argument with statements referring to statement of mind without support.

      c. Count I of the Complaint should be dismissed pursuant to the the Federal Rules of Civil Procedure, Rule 12(b)(6) as written above Plaintiff fails to state a claim upon which relief can be granted and Count I should be dismissed.

<u>Eleventh Defense</u>.  Count III of the Complaint attempts to allege violation of 11 U.S.C. 1141(d)(3) and 727(a)(5) but fails to state a claim upon which relief can be granted pursuant to the Federal Rules of Bankruptcy Procedure 7012(b) that incorporates the Federal Rules of Civil Procedure, Rule 12(b)(6) as follows:

      a. This count attempts to allege violation of 11 U.S.C. 1141(d)(3),  but fails to

allege that the debtors seek to liquidate all or substantially all the property of the estate; (B), does not engage in business after consummation of the Plan, (C) nor is this a case under Chapter 7.

b.   This count also attempts to alleges 11 U.S.C. 727(a)(5) The the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

c. No discharge has been denied the debtor and pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) as written above Plaintiff fails to state a claim upon which relief can be granted and Count I should be dismissed.

Twelfth Defense.   Count 4 of the Complaint attempts to allege violation of 11 U.S.C. 727(a)(7) but fails to state a claim upon which relief can be granted pursuant to the Federal Rules of Bankruptcy Procedure 7012(b) that incorporates the Federal Rules of Civil Procedure, Rule 12(b)(6) as follows:

a.   Section 727(a)(7) reads "the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider".

b.   No allegation as to violation of Section 727(a)(3), or (6).

c.   Plaintiff fails as described in paragraphs 8, (Count I, Section (a)(2)); 9, (Count II, Section (a)(4)(A));  and 10, (Count III, Section (a)(5)); herein above to properly and fully allege support Count III.

d. Count IV pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) as written above Plaintiff fails to state a claim upon which relief can be granted and should

be dismissed.

RESPECTFULLY SUBMITTED, in the Southern District of Florida, Miami

Division on this 24th  day of June 2017.

_____/S/_____
Richard Siegmeister, Esquire
Richard Siegmeister, P.A.
Attorneys for JUAN C. MORALES
          and MIRTHA MORALES
One Plaza Brickell, Suite 304
1800 S.W. 1 Avenue
Miami  Florida 33129-1180
Fla Bar No 0700975
Tel: (305) 859-7376
Fax: (305) 859-7376
Eamil: rspa111@att.net
          rspalaw@att.net

C:\Files\BANKRDTR\Moralez M & J\adv Merfe\170619 Ans Aff Defenses .wpd