UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 16-26663-BKC-AJC |
| JUAN C. MORALES and<br>MIRTHA MORALES,<br>*d/b/a* J.C. & C. ALF, LLC, | CHAPTER 11 |
|     Debtor(s).<br>_____/ | |
| MERFE CONSTRUCTION CORP., | |
|     Plaintiff,<br>v. | Adversary Proceeding<br>Case No. 17-1120-AJC-A |
| JUAN C. MORALES and<br>MIRTHA MORALES,<br>*d/b/a* J.C. & C. ALF, LLC, | |
|     Defendants,<br>_____/ | |

**STATEMENT OF MATERIAL FACTS IN SUPPORT
OF PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT**

Plaintiff, MERFE CONSTRUCTION CORP. (hereinafter referred to as "Merfe" or "Plaintiff"), and pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, files this its Statement of Material Facts in support of its Motion for Final Summary Judgment, against Defendants, JUAN C. MORALES (hereinafter referred to individually as Mr. MORALES) and MIRTHA MORALES, *d/b/a* J.C. & C. ALF, LLC (hereinafter referred to individually as Ms. MORALES)(Defendants shall be jointly referred to the Defendants or the Debtors).

**INTRODUCTION**

1. On or about February 22, 2008, MORALES executed a promissory note in favor of Plaintiff in the amount of $416,000. The promissory note was secured by a mortgage executed by MIRTHA MORALES on or about February 27, 2008. Plaintiff owned and held the Promissory Note and mortgage. [**Exhibit "1"**]. Pursuant to the terms of the note, Ms. Morales was required to pay Plaintiff $2,666.67 on the 10th day of each month, commencing on March 10, 2008. On April 30, 2008, the entire principal balance, along with any accrued but unpaid interest, became due. *Id*.

2. On July 14, 2008, Plaintiff filed a foreclosure complaint against Ms. MORALES, in the case of *Merfe Construction Corp. v. Mirtha Morales, et al*, Case No. 08-040150 CA 04, contending that Ms. Morales defaulted on the promissory note when she failed to make the monthly payments and by not paying on the principal balance and unpaid interest. [**Exhibit "2"**].

3. On February 28, 2009, Ms. Morales, sole owner of real property at 680 West 15 Street, Hialeah, as the only grantor, delivered a Quit Claim Deed to her husband and Debtor, Mr. Morales, and her two adult children, as grantees. [**Exhibit "3"**](the "680 property").

4. On April 16, 2009, the presiding judge in 08-040150 CA 04, entered Final Judgment of Foreclosure against Ms. Morales, and in favor of Merfe. **Exhibit "4"**].

5. On August 28, 2011, a Final Deficiency Judgment was entered against Ms, Morales for $460,477.58, in favor of Merfe, in the case of *Merfe Construction Corp. v. Mirtha Morales, et al*, Case No. 08-040150 CA 04. [**Exhibit "5"**].

6. On September 29, 2011, Merfe filed its initial Judgment Lien with the Florida Secretary of State (No. J11000645882). [**Composite Exhibit "6"**].

7. On June 27, 2016, Merfe filed its second judgment lien (No. J16000386098), which and reedlects interest in the amount of $52,575.58. [**Composite Exhibit "6"**].

**I.**
***MERFE CONSTRUCTION CORP. V. MIRTHA MORALES, ET AL*, CASE NO. 08-40150 FACTS LEADING TO PROCEEDINGS SUPPLEMENTARY IN DADE CIRCUIT COURT**

8. On March 4, 2010, after the complaint in Case No. 08-40150 was filed (¶2), but before entry of the Final Deficiency Judgment (¶5), Ms. Morales purportedly executed a "Satisfaction of Mortgage" [**Exhibit "7"**] as to a partial assignment of mortgage ($300,000 of a

$950,000 mortgage and note) she obtained in 2007. [Composite **Exhibit "8"**[1]]. In this Satisfaction of Mortgage, Ms. Morales represented the monies owed her pursuant to the 2007 partial assignment were paid her in full. Her brother and attorney, Guillermo Perez, Esq. [D.E. 26:19], claimed he witnessed her sign the satisfaction; that he signed it as well, and it was notarized by Gloria Michel, an employee of his. [**Exhibit 39,** Mr. Perez Deposition at 94:5 - 95:5; 97:25- 99:22]. Ms. Michel's Notary Commission *No. 35380* appears on the satisfaction. [**Exhibit "9"**]

9. On June 10, 2011, 409 days later, the satisfaction was recorded in the official records of Dade County. [**Exhibit "7"**].

10. On February 9, 2012, Merfe filed its Motion for Order Entitling and Empowering Sheriff's Office to Levy on Ms. Morales' Partial Assignment of Mortgage. [**Exhibit "10"**].

11. On February 23, 2012, at hearing on Merfe's motion to levy, Samuel B. Reiner, Esq., counsel for Ms. Morales [D.E. 26:20], handed Merfe's counsel the "Satisfaction of Mortgage" in open court. [**Exhibit "11"**, Verified Statement of Daniela Fonseca, Esq.].

12. On March 25, 2013, the Honorable Beth Bloom, then presiding circuit court judge, entered an Order granting Merfe's Motion for Proceedings Supplementary in Case No. 08-40150 CA 04 (the "proceedings supplementary"). [**Exhibit "12"**].

13. On September 5, 2014, Pastor David Bonilla, the Church's representative, testified that the Church never made any payments towards the principal due on the note and mortgage to Ms Morales or any other assignee. [**Exhibit 37,** Pastor Bonilla's deposition at. 104:4-16; 105:16-25; 109:1-110:2; 122:15-25].

14. On February 23, 2015, Gloria Michel, the notary, was deposed. She testified she did

---

[1] On August 31, 2007, Centro Evangelista La Roca Church, Inc. ("the Church") signed a promissory note and mortgage for $950,000 in favor of Group Investors, LLC. On September 6, 2007, Group Investors, LLC, partially assigned $300,000 (31.79%) of the Church's mortgage to Ms. Morales. [**Exhibit 8**]. The other partial assignments made on September 6, 2007, were to JOSE RAUL PERUYERA and GLORIA PERUYERA ($100,000) [**Exhibit 13**]; MARGAB INVESTORS, INC. ($250,000)[**Exhibit 14**]; and GROUP LENDERS, LLC. ($300,000) [**Exhibit 15**. Two additional partial assignments, were made in 2010, to SANCHEZ & SON INVESTMENTS ($125,000)[**Exhibit 16**] and JOSEFA RODRIGUEZ ($150,000) [**Exhibit 17**].

not work for, nor knew Guillermo Perez, Esq., in March of 2010. She did not meet him until *May of 2010* when she was interviewed for a position in his law office. She began working for him about three weeks later. [**Exhibit 38**, Gloria Michel's deposition at 18:3-6; 23:19-24; 27:16-28:2; 29:7-22]. She brought her then current notary stamp, Commission No. DD607924, with her. [Gloria Michel D. 24:8-11; Exhibit 2 to Ms. Michel's deposition]. That notary stamp, Notary Commission *No. DD607924*, did not expire until October 23, 2010. [**Exhibit 38**, Gloria Michel D. 24:12-14; **Exhibit 18**].

15. Ms. Michel testified that she did not apply for a new commission stamp until October 12, 2010 [**Exhibit 38**, Gloria Michel D. 24:15-17; 25:20-24; (Exhibit 3 to Ms. Michel's deposition)], and that as a result, on March 4, 2010 (the date the satisfaction was purportedly notarized), Notary Commission No. 35380 did not exist. [**Exhibit 38**, Gloria Michel D. 29:23-30:8-13].

16. It is undisputed that the State of Florida did not issue Ms. Michel Commission No. EE 35380 until *October 24, 2010,* seven months *after* Ms. Morales purportedly signed the satisfaction. [**Exhibit 38**, Gloria Michel D. 26:3-10; Exhibit 5 to Ms. Michel's deposition]. Ms. Michel testified that it was impossible to notarize the Satisfaction of Mortgage with Commission No. 35380 on March 4, 2010 since it did not exist. [**Exhibit 38**, Gloria Michel D. 30:14-20; Compare **Exhibits 9 and 18**].

17. On March 31, 2015, Ms. Morales was deposed in the proceedings supplementary. Ms. Morales conceded she never received any monies representing principal owed to her on the Church note and mortgage. [**Exhibit 40**, Ms. Morales D3. 44:15- 46:7; 69:4-24]. She also testified that her brother and lawyer, Mr. Perez, instructed her to sign the satisfaction of mortgage representing she had been paid in full. She did so, even though it was not true. [**Exhibit 40**, Ms. Morales D3. 46:8-11; 49:21-50:7; 71:2-11].

i.
**Orders on Summary Judgment Entered in the Proceedings Supplementary**

18. The Honorable Brownyn Miller, now presiding judge in the proceedings supplementary, entered two summary judgment orders in the case. The first order[2] was in respect to

---

[2] The initial Order on Merfe's Motion for Partial Summary Judgment as to "Partial Assignment of

Merfe's Motion for Partial Summary Judgment which sought to set aside the "Satisfaction of Mortgage" ("MSJ #1"). [**Exhibit 19**].

19. On October 8, 2015, at hearing on MSJ #1, Ms. Morales presented Judge Miller with a "Notice of Revocation of Erroneous Satisfaction of Mortgage," confirming that the Partial Assignment of Mortgage [Exhibit B attached to **Exhibit 19]** was never satisfied, and representing the "Satisfaction of Mortgage" [Exhibit A attached to **Exhibit 19]** was "erroneously entered and recorded."[**Exhibit 19** at page 3**].**

20. Judge Miller rescinded the Satisfaction of Mortgage, reinstated the partial assignment of $300,000 to Ms. Morales, *nunc pro tunc* to the date the satisfaction was recorded, and held the partial assignment of mortgage to Ms. Morales was valid and enforceable. [**Exhibit 19** at page 3].

21. In this Order, Judge Miller awarded Merfe an equitable lien up to Ms. Morales' 31.579% interest ($300,000) in the Church mortgage.[3] [**Exhibit 19** at page 4].

22. On November 15, 2016, Judge Miller entered a another order on summary judgment in the proceedings supplementary. This order was on Merfe's second Motion for Partial Summary Judgment ("MSJ #2"), in which Merfe sought to void the transfer of Ms. Morales membership interests in JC & C Investments, LLC , to Mr. Morales, pursuant to Fla. Stat., §56.29, and to then foreclose upon Ms. Morales restored sole (100%) membership interest of J C & C Investments, LLC, pursuant to Fla. Stat., §605.0503(3)-(5). [**Exhibit 20** at page 2, ¶1]. In deposition, Mr. Morales testified he did not own any shares in any corporation nor did he have any membership interest in any limited liability company in the last 10 years. He also testified that he was not the managing member of any LLC either. [ Mr. Morales' Deposition at pages 41-42].

---

Mortgage" to Mirtha Morales was entered on October 16, 2015. The Corrective Order [**Exhibit 19**]was entered on November 9, 2015.

[3] On April 22, 2015, at the same time proceedings supplementary are pending, Group Investors, LLC , filed a foreclosure complaint, *Group Investors, LLC, et al v. Centro Evangelista La Roca Church, Inc*., Case No. 15-9136 CA 01 (the "Church foreclosure"). [**Exhibit 21**] On August 13, 2015, , Ms. Morales answered that complaint, requested she be "paid her portion of the mortgage in issue, together with prejudgment interest." [**Exhibit 22**, Ms. Morales' Answer at ¶2]. Ms. Moarles was represented by Samuel B. Reiner, of Reiner & Reiner, P.A. in that case as well. *Id.*

23.     On November 10, 2016, at hearing on MSJ #2, Judge Miller determined that Ms. Morales was the sole member of JC & C Investments, LLC, within one year's time of being served with the complaint in the case, and that the later addition of Mr. Morales as a member of JC & C Investments, LLC, as well as the subsequent deletion of Ms. Morales as a member of JC & C Investments, LLC, all occurred after the lawsuit (08-40150) was filed. [**Exhibit 20** at pages 2-3].

24.     Judge Miller concluded that the addition of Mr. Morales and deletion of Ms. Morales as members of JC & C Investments, LLC, was made or contrived by Ms. Morales to delay, hinder, or defraud Merfe in violation of §56.29. Judge Miller ruled the transfer of Ms. Morales' membership interests to Mr. Morales, her husband, and her deletion as member of JC & C Investments, LLC were void, and that Ms. Morales was the sole member of JC & C Investments, LLC. [**Exhibit 20** at page 3].

25.     Judge Miller denied, without prejudice, that part of Merfe's MSJ #2 in which it sought to foreclose on Ms. Morales' sole membership interest and/or enter a charging order, pursuant to Fla. Stat., §605.0503(3)-(5). The circuit court directed Merfe to state the dates and amounts of all payments it received from the Church (the mortgagor in the Church foreclosure proceeding) to offset against the Deficiency Judgment, and the interest accrued thereon. [**Exhibit 20** at page 3**].**

26.     Thus, on November 15, 2016, Merfe filed its Motion for Order of Foreclosure Sale of Ms. Morales' Membership Interest in JC & C Investments, contending that her membership interest was personal property, and that JC & C Investments LLC's sole asset was its ownership of certain real property, located at 158 West 10 Street, Hialeah, Florida (the "158 property"). [**Exhibit 23]**, and attachments thereto]. Merfe noticed this motion for hearing for December 19, 2016. [Composite **Exhibit 24**].

27.     On December 17, 2017, the Defendants filed for Chapter 11 bankruptcy relief in the main proceeding, Case No. 16-26663-BKC-AJC. [D.E. 1 in Case No.16-26663-BKC-AJC].

28.     On December 19, 2016, the hearing on foreclosure motion was cancelled due to the Debtors filing their Chapter 11 petition on Saturday, December 17, 2017.

**II.**
**THE DEBTORS' BANKRUPTCY FILINGS IN CASE NO. 16-26663-BKC-AJC**
**i.**
**Declarations Made Under Penalties of Perjury**

29. From the date of filing of their initial Petition and subsequent thereto, the Debtors have, on various occasions, declared or acknowledged "under penalty of perjury that the information" provided in their petition, filings, schedules and attachments are "true and correct." [D.E. 10-1:6, 8; D.E. 2:1, 6;  D.E. 4, Form 106Dec; D.E. 10-1:9; DE 10-1:13; D.E. 26:48].

### ii.
### December 17, 2016 - Debtor's Petition

30. In the Debtor's Voluntary Petition Form 101 dated December 17, 2016, they identify J.C. & C. ALF, LLC, but make no reference to  JC & C Investments, LLC.[4] [D.E. 1:2].

31. In Form 104 dated December 17, 2016, the Debtors identify Merfe as their largest "*unsecured creditor*."  The Debtors represent that Merfe has a claim of $500,000, arising from Case No. 08-40150 (the proceedings supplementary), but represent Merefe's claim:

        (a)    is contingent;

        (b)    is unliquidated,

        (c)    is disputed, and that

        (d)    there is no lien on property.

[D.E. 2:1, 6].

32. The second largest unsecured creditor identified by the Debtors in Form 101 is Margab Investors, LLC ("Margab"), which they represent has a claim of $250,000 *against* Ms. Morales, and arising from a Crossclaim it filed against her in Case No. 08-1405 (actually 08-40150, the proceedings supplementary). [D.E. 2:1, 6].

33. It is undisputed that Margab's $250,000 claim comes from Group Investors, LLC's partial assignment to Margab of $250,000 (26.32%) of the same Church mortgage ($950,000) it assigned to Ms. Morales. [**Exhibit 14**].

34. Margab is also named as a defendant, along with Ms. Morales, in the Church foreclosure litigation (see footnote 3).  It is undisputed that Margab's $250,000 claim is predicated upon its mortgage lien interest from that assignment.  [**Exhibits 14 and 21**].

---

[4] J.C. & C. ALF, LLC [D.E. 1:2; 10-1:2], of which Mr. Morales is sole member, operates an "assisted living facility" ("ALF") at 158 West 10 Street, in Hialeah.

35.     Margab's previously filed crossclaim in the proceedings supplementary state circuit case, filed on April 10, 2014, asserted claims for fraud, breach of fiduciary duty, and conspiracy against Ms. Morales and her brother, Mr. Perez, arising from the same Satisfaction of Mortgage which Ms. Morales represented that the Church paid her the principal ($300,000) and interest due her in full. In its crossclaim. Margab contended the satisfaction "appear[ed] to be a sham," however, if it was not, that an "unjust financial benefit and/or [a] windfall"could result, since neither Margab nor the other assignees received the full interest due them on the note, let alone any payments towards principal. [**Exhibit 25**, at pages 17-30].

36.     As noted above, it is undisputed that on October 8, 2015, Judge Miller set aside the "Satisfaction of Mortgage." [**Exhibit 19**].

37.     On July 24, 2015, Judge Miller entered an Order granting Merfe leave to amend its complaint in the proceedings supplementary. [**Exhibit 26**]. It is undisputed that Margab did not answer the Second Amended Complaint for Proceedings Supplementary. [**Exhibit 27**].

38.     The third largest unsecured creditor identified by the Debtors in Form 101 dated December 17, 2016 was "Federated National Mortgage Association" ("Federated"), identified as having an unliquidated claim for $221,000, arising from a "[f]oreclosure [*sic*] of loan on real property.Case no. 09-4100, Circuit Court Miami-Dade county, Florida judgment and sale deficiency." [D.E. 2:2, 6].

39.     It is undisputed that on August 11, 2009, a Final Judgment of Foreclosure was entered in Case No. 09-4100, in favor of Regions Bank, *dba* Regions Mortgage, and against the Debtors. [**Exhibit 28**]. The mortgaged property was then sold to Federated. [**Exhibit 29**]. There was no assignment of the foreclosure judgment to Federated. It is undisputed that there was no deficiency judgment entered in Case No. 09-4100. [**Exhibit 30**, electronic docket filed in Case No. 09-4100].

### ii.
### December 22, 2016 - Debtors Refile Form 101

40.     On December 22, 2016, Debtors re-filed Form 101, and again failed to identify JC & C Investments, LLC. [D.E. 10-1:2].

41.     The Debtors once again designated Merfe as their largest "*unsecured creditor.*" [D.E. 10-1:9; D.E. 2:1, 6]. Their representations as to the other unsecured creditors they identified included

Margab and Federated, which remained the same as before.

### iii.
### January 17, 2017 - Debtors' Form 106A/B

42.     On January 17, 2017, Debtors filed Form 106A/B, identifying buildings, land, and real estate they own or have an interest in. In Part 1, the Debtors failed to identify the 158 property owned by JC & C Investments. [D.E. 26:1].

43.     In Part 4, where the Debtors must identify financial assets, including any "interest in an LLC," they conceal an reference to JC & C Investments, LLC. [D.E. 26:5 at No. 19].

44.     The Debtors do identify other real property, located at 680 W. 15 Street, Hialeah; however, they represent that only Ms. Morales has an interest therein. [D.E. 26:1]. It is undisputed that Ms. Morales quit claimed her interest in this property to her husband, Mr. Morales, and her adult children,[5] and hence she has no ownership interest in this property. Her husband, Mr. Morales (and their children) do however. [**Exhibit 3**].

45.     In Part 1 of Form 106A/B, the Debtors continue to conceal Ms. Morales' $300,000 (31.79%) interest in the Church mortgage. [D.E. 26:1]. They do so again in Part 4 at ¶30 ("unpaid loans you made to someone else")[D.E. 26:7], and once again at ¶33 ("[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment"),where they conceal the ongoing Church foreclosure litigation. [D.E. 26:8].

46.     It is not until the catchall provision at ¶35 ("financial assets you did not already list")[D.E. 26:8], that the Debtors finally make a reference to the Church mortgage; however, even here, the Debtors misrepresent this asset as a "***contingent/Disputed loan** to Group lender to fund mortgage of building owned by SeeAttachment 2...*" [D.E. 26:8 at ¶35] "*...**Centro evangelistico La roca. Mortgage garnished by Merfe Construction amount ot [sic]debtor unknown and doubtfull [sic]*." [D.E. 26:11].

47.     It is undisputed that the principal, standing alone, which the Church owes Ms. Morales pursuant to the assignment of the Church mortgage is $300,000 [Exhibit 6]; however, at

---

[5] This transfer is the subject of Counts 3-5 of the SAC in Proceedings Supplementary (pages 23-30), as well as Merfe's Complaint for Declaratory Relief, in Case No.14-1364CA 32, discussed *infra*.

Part 5, ¶38, the Debtors represent "current value of the portion you own" of the "LaRoca Mortgage" as being "*0.00.*" [D.E. 26:8].

48. The Debtors again conceal mention that Group Investors, LLC partially assigned 31.79% of the Church mortgage to Ms. Morales; that the face "value" of the assigned portion of the mortgage is not "*0.00,*" but is actually *$300,000,* or of any past interest due and owing thereon; that Ms. Morales remains the named mortgagee today; of her request in the Church foreclosure litigation that she be paid her portion of the mortgage and accrued interest thereon; or of the Order imposing an equitable lien on her part of that mortgage in favor of Merfe. [D.E. 26:8 at ¶35, ¶38; DE 26:11].

49. At Schedule D, *Creditors Who Have Claims Secured by Property*, when asked about any "[j]udgment lien from a lawsuit," the Debtors conceal the fact that Merfe has the only active judgment lien certificate filed against either Debtor (Ms. Morales), leaving Part 1 blank ().

50. The Debtors also misrepresent the nature of the proceedings supplementary, describing same as a "Lawsuit 08-40150 Eleventh Circuit, Miami-Dade County, Florida action claiming creach [*sic*] of contract, conveyence [*sic*], debt and other relief." [DE 26:49]. The Debtors once again designated Merfe as having a "Nonpriority Unsecured Claim," one which is contingent, unliquidated and disputed, and for which Merfe has no lien on property. [D.E. 26:20 at ¶4.14].

51. At ¶4.9, the Debtors again list Federated's claim, but this time only against Ms. Morales, and further represent that Federated's claim (Case No. 09-4100) was "[s]ubsumed in Merfe Construction Claim" [D.E.26:18, and 49] (proceedings supplementary in Case No. 08-40150), which did not occur. The Debtors again list Margab as having a claim against Ms. Morales, valued at $250,000, and represent this claim results from a "[c]rossclaim in lawsuit 08-01405 pending in the Circuit Court, Miami-Dade County, Florida" [D.E.26:20, and 49], rather than from Margab's mortgage interest as a partial assignee. [**Exhjbit 6**].

52. In their Statement of Financial Affairs ("SOFA") schedules, the Debtors identify cases in which they were parties to a lawsuit as being: (a) Case No. 14-1364, *pending*[6] and (b) Case

---

[6]

Case No. 14-1364CA relates to Merfe's Complaint for Declaratory Relief filed in *Merfe Construction Corp. v. Juan Carlos Morales, et al.* [**Exhibit 31**]. After commencement of proceedings supplementary, on December 3, 2013, Mr. Morales filed a "Notice of Homestead" Merfe then filed its Complaint for Declaratory Relief ("CDR"), contended the transfer took place after Merfe filed

No. 08-40150 (proceedings supplementary).  As to the proceeding supplementary case, the Debtors represent the case was "*concluded*" [D.E. 26:41].  It is undisputed that the proceedings were ongoing, with Merfe's motion to foreclose on Ms. Morales' membership interests in JC & C Investments, LLC to have been heard on December 19, 2016 [**Exhibit 24**], and now stayed as a result of the Debtor's voluntary petition.  The SOFA also omits reference to Ms. Morales' status as party in the Church foreclosure case, and her request to be paid from the foreslcousre sale of that property. [*Id.*]

53.     The Debtors' updated SOFA again failed to identify any ownership or connection as members of JC & C Investments, LLC, during the four year time frame before filing for bankruptcy. [D.E. 26:47].  Mr. Morales concealed his prior status as sole member of JC & C Investments, LLC, which he had until November 20, 2016, when Judge Miller entered the Order on MSJ #2. Ms Morales also concealed that Judge Miller voided her deletion as a member of JC & C Investments, and restored her as the sole member of JC & C Investments. [*Id.,* **Exhibit 20**].

54.     Also, in Debtors' Case Management Summary filed January 18, 2017, they continue to identify the total amount of all secured claims as being "*none.*"  They also designate the total amount of the "unsecured claims" as *$763,472*. [D.E. 33:2-3 at ¶8 b- c].  The Debtors acknowledge they have "no employees." [D.E. 31:2 at ¶11].

55.     The Debtors then represent that the ALF (J.C. & C. ALF, LLC) is the owner of the 158 property in Hialeah [D.E. 33:2 at ¶9].   It is undisputed that *JC & C Investments, LLC* owns the 158 property, not the ALF. [**Exhibits 32-35**]

### III.
### PLAINTIFF'S REQUEST FOR ADMISSION HAVE GONE UNANSWERED

56.     On July 14, 2015, Merfe hand-delivered its Request for Admission to Defendants. [**Exhibit 36**].  Defendants have not responded to the requests.

---

for foreclosure in the proceedings supplementary. The CDR does not seek monetary damages but a judicial declaration declaring the Quit Claim Deed as void, pursuant to Art. X, §4(c), Fla. Const.

        Law Office of Michael Garcia Petit, P.A.
        Attorney for MERFE CONSTRUCTION
        14100 Palmetto Frontage Road, Suite 106
        Miami Lakes, Florida 33016
        Phone (786) 245-7750
        Email: michael@michaelgarciapetitpa.com

By: /s/Michael Garcia Petit
      MICHAEL GARCIA PETIT, ESQ.
      FBN: 656216

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was emailed to Richard Siegmeister, Esq., Counsel for Defendants, 1800 SW 1 Ave #304, Miami, FL 33129, Email: rspa111@att.net; Alexis S. Read, Esq., Counsel for Interested Party, Marcia T. Dunn, Chapter 7 Trustee, 555 NE 15th Street, Suite 934-A, Miami, Florida 33132, Email: alexis.read@dunnlawpa.com; and Michel P. Dunn, Esq., Counsel for Interested Party, Marcia T. Dunn, Chapter 7 Trustee, 555 NE 15th Street, Suite 934-A, Miami, Florida 33132. E mail: michael.dunn@dunnlawpa.com, and all others set forth in the NEF, on August 16, 2017.

By: /s/Michael Garcia Petit
      MICHAEL GARCIA PETIT, ESQ.